FILED

**IN THE UNITED STATES DISTRICT COURT,**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

2014 FEB 10  P 4: 23

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| **TLI COMMUNICATIONS LLC,** | ) | Civil Action No. 1. 14-Cy. 138 |
| | ) | TSE/IDD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **AV AUTOMOTIVE, L.L.C.,** | ) | |
| **FOR A SONG, INC.** | ) | |
| **MAX MEDIA LLC,** | ) | |
| **TWITTER, INC., and** | ) | |
| **VINE LABS, INC.** | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TLI Communications LLC ("TLI") files this Complaint for Patent Infringement

against AV Automotive, L.L.C. ("AV Automotive"), For a Song, Inc. ("For a Song"), Max

Media LLC ("Max Media"), Twitter, Inc. ("Twitter") and Vine Labs, Inc. ("Vine"), wherein,

pursuant to 35 U.S.C. §§ 271 and 281, Plaintiff seeks a judgment of infringement by Defendants

of U.S. Patent Nos. 6,038,295 (the "'295 Patent"), damages resulting therefrom pursuant to 35

U.S.C. § 284, as well as a preliminary and permanent injunction of the infringing activity

pursuant to 35 U.S.C. § 283, and such other relief as the Court deems just and proper, and in

support thereof alleges as follows:

### The Parties

1.      Plaintiff TLI is a Delaware limited liability company with its principal place of

business at 3422 Old Capitol Trail, Suite 72, Wilmington, Delaware 19808.

2.      Defendant AV Automotive, L.L.C. is a limited liability company organized under

the laws of the State of Virginia, with its principal place of business at 1902 Association Drive,

Reston, Virginia 20191. AV Automotive operates several car dealerships in the Northern Virginia region, including BMW of Alexandria, 499 South Pickett Street Alexandria, Virginia 22304.

3.      Defendant For a Song, Inc. is a corporation organized under the laws of the State of Virginia, with its principal place of business at 3701 Mount Vernon Avenue, Alexandria, Virginia 22305. For a Song owns and operates The Music Hall at the Birchmere.

4.      Defendant Max Media LLC is a limited liability company organized under the laws of the State of Virginia, with its principal place of business at 900 Laskin Road, Virginia Beach, Virginia 23451. Max Media operates several radio stations in Virginia, including FM 92.9 WVBW, FM 97.3 and FM 100.5 in Norfolk, Virginia; FM 94.1 WVSP in Yorktown, Virginia; and AM 1310 WGH in Newport News, Virginia.

5.      Defendant Twitter is a Delaware corporation with its principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103.

6.      Defendant Vine Labs, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 51 E. 12th Street, New York, New York 10003. In October 2012, Twitter acquired Vine and Twitter now owns Vine.

### Jurisdiction and Venue

7.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

9.      This Court has personal jurisdiction over AV Automotive because AV Automotive is located in this district and it conducts substantial business in this district, directly

or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business in this district, engaging in other persistent courses of conduct in this district and/or deriving substantial revenue from goods and services provided to individuals in this district. Further, this Court has personal jurisdiction over AV Automotive because it is a Virginia limited liability company and it has purposely availed itself of the privileges and benefits of the laws of the State of Virginia.

10.     Venue is proper in this judicial district as to AV Automotive pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, AV Automotive is subject to personal jurisdiction in this district, AV Automotive is located in this district, AV Automotive has facilities and employees in this district, and AV Automotive has committed and continues to commit acts of patent infringement in this district. For example, AV Automotive uses infringing products and services in this district. Moreover, to the extent any patent claim is construed to require a system, AV Automotive places that system into use in this district.

11.     This Court has personal jurisdiction over For a Song because For a Song is located in this district and it conducts substantial business in this district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business in this district, engaging in other persistent courses of conduct in this district and/or deriving substantial revenue from goods and services provided to individuals in this district. Further, this Court has personal jurisdiction over For a Song because it is a Virginia corporation and it has purposely availed itself of the privileges and benefits of the laws of the State of Virginia.

12.     Venue is proper in this judicial district as to For a Song pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, For a Song is subject to personal jurisdiction in

3

this district, For a Song is located in this district, For a Song has facilities and employees in this district, and For a Song has committed and continues to commit acts of patent infringement in this district. For example, For a Song uses infringing products and services in this district. Moreover, to the extent any patent claim is construed to require a system, For a Song places that system into use in this district.

13.     This Court has personal jurisdiction over Max Media because Max Media is located in this district and it conducts substantial business in this district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business in this district, engaging in other persistent courses of conduct in this district and/or deriving substantial revenue from goods and services provided to individuals in this district. Further, this Court has personal jurisdiction over Max Media because it is a Virginia limited liability company and it has purposely availed itself of the privileges and benefits of the laws of the State of Virginia.

14.     Venue is proper in this judicial district as to Max Media pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Max Media is subject to personal jurisdiction in this district, Max Media is located in this district, Max Media has facilities and employees in this district, and Max Media has committed and continues to commit acts of patent infringement in this district. For example, Max Media uses infringing products and services in this district. Moreover, to the extent any patent claim is construed to require a system, Max Media places that system into use in this district.

15.     This Court has personal jurisdiction over Twitter because Twitter conducts substantial business in this district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business in this

4

district, engaging in other persistent courses of conduct in this district, deriving substantial revenue from goods and services provided to individuals in this district, maintaining continuous and systematic contacts with this district, and/or purposely availing itself of the privileges of doing business in Virginia.

16.     Venue is proper in this judicial district as to Twitter pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Twitter is subject to personal jurisdiction in this district and Twitter has committed and continues to commit acts of patent infringement in this district. For example, Twitter has used, sold, offered for sale, and/or imported infringing products and services in this district. Twitter, for example, provides infringing web pages and software in this district, and thus directly infringes the '295 Patent in this district, and, to the extent any claim is construed to require a system, (i) Twitter puts that system into use in this district by providing infringing web pages and software in this district, and thus directly infringes the '295 Patent in this district and elsewhere, (ii) Twitter provides key components of the system to its users, including to AV Automotive and Max Media, in this district and thus contributorily infringes the '295 Patent in this district and elsewhere, and/or (iii) Twitter induces its users, including AV Automotive and Max Media, to use the system and to put the system into use, and thus induces infringement of the '295 Patent in this district and elsewhere.

17.     This Court has personal jurisdiction over Vine because Vine conducts substantial business in this district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business in this district, engaging in other persistent courses of conduct in this district, deriving substantial revenue from goods and services provided to individuals in this district, maintaining continuous and systematic

contacts with this district, and/or purposely availing itself of the privileges of doing business in Virginia.

18.     Venue is proper in this judicial district as to Vine pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Vine is subject to personal jurisdiction in this district and Vine has committed and continues to commit acts of patent infringement in this district. For example, Vine has used, sold, offered for sale, and/or imported infringing products and services in this district. Vine, for example, provides infringing web pages and software in this district, and thus directly infringes the '295 Patent in this district, and, to the extent any claim is construed to require a system, (i) Vine puts that system into use in this district by providing infringing web pages and software in this district, and thus directly infringes the '295 Patent in this district and elsewhere, (ii) Vine provides key components of the system to its users, including to AV Automotive and Max Media, and thus contributorily infringes the '295 Patent in this district and elsewhere, and/or (iii) Twitter induces its users, including AV Automotive and Max Media, to use the system and to put the system into use, and thus induces infringement of the '295 Patent in this district and elsewhere.

19.     Joinder is proper under 35 U.S.C. § 299 because, and as explained further below, Twitter and/or Vine provide the same infringing platform to AV Automotive, For a Song and Max Media and instruct them how to use the platform and how to put the platform into use. AV Automotive, Twitter and Vine are jointly and severally liable for infringement arising out of the same series of transactions or occurrences related to the use of the same infringing platform. Similarly, Max Media, Twitter and Vine are jointly and severally liable for infringement arising out of the same series of transactions or occurrences related to the use of the same infringing platform. And For a Song, Twitter and Vine are jointly and severally liable for infringement

6

arising out of the same series of transactions or occurrences related to the use of the same infringing platform. Questions and facts common to all defendants will arise in the action.

## The Patent-in-Suit

20.     TLI is the owner of the '295 Patent entitled "Apparatus and Method for Recording, Communicating and Administering Digital Images," which the United States Patent & Trademark Office lawfully and duly issued on March 14, 2000. A true and correct copy of the '295 Patent is attached hereto as Exhibit A.

## Factual Background

21.     Dr. Heinz Mattes is the named inventor of the '295 patent.

22.     The '295 patent has a priority date of June 17, 1996. The '295 patent was originally assigned to Siemens Aktiengesellschaft of Munich, Germany. TLI is the current owner of the '295 patent via assignment.

23.     In the mid 1990's, Dr. Mattes, while working as a scientist for Siemens, recognized that mobile telephony and digital photography, each then in their infancy, would likely become more and more popular. Dr. Mattes recognized that mobile telephones could be integrated with digital cameras, resulting in a proliferation of the quantity of digital images that could and would be taken.

24.     Dr. Mattes invented a revolutionary way of communicating and recording such digital images, which allowed numerous images to be simply and quickly recorded, tracked, accessed and transmitted.

25.     In 1996, Dr. Mattes' invention was among the winners of a Siemens idea competition, leading to Siemens initiating a project to develop a cellular telephone with an integrated camera.

26.   The '295's patented inventions are applicable to the uploading and organization of digital images from a telephone.  Over the past few years, smart cellular telephones that incorporate sophisticated digital cameras have exploded in popularity, as has social media. Today, hundreds of millions of digital images are uploaded onto computer servers and social media websites every day, including onto Twitter and Twitter's Vine.  Twitter's products use the '295's patented technology, without license or authority, to classify those images so that they can be easily uploaded, stored, organized, retrieved and shared.

### Twitter and Vine's Infringing Products

27.   Twitter owns and operates the widely used social networking service accessible for example on the World Wide Web at the web address of www.twitter.com and through specialized mobile applications.  Twitter also owns Vine, which is a social networking service accessible for example on the World Wide Web at the web address of www.vine.co and through specialized mobile applications.  Twitter provides web based products and services, including its Twitter and Vine products.  Twitter's revenues are attributed to, among other things, advertising and fee-based services.

28.   Twitter purports to have over 230 million monthly active users with 500 million tweets sent per day.[1]  Twitter purports that 76% of its active users are on mobile.[2]

29.   Twitter offers websites, software and downloadable applications, especially designed for mobile devices having telephones, including iPhone and Android mobile telephones, and other mobile telephone platforms, which allow telephone users to easily characterize and upload digital images to Twitter and/or Vine servers.  Twitter and/or Vine image-uploading software is preloaded on many mobile telephones, and its website can be

---

[1] https://about.twitter.com/company.
[2] *Id.*

directly accessed from many mobile telephones, which also uploads digital images characterized with user-information. Twitter and Vine also provides downloadable applications, which also provide for uploading digital images to Twitter and Vine servers. Twitter and Vine entice their users to upload digital images by providing easy-to-use platforms and instructions, and Twitter and Vine store and archive the digital images uploaded to their servers using the characterization information provided by its users. As a result, visitors are attracted to Twitter and Vine where they can easily view, retrieve and share those images, resulting in more visitors to Twitter and Vine, and increased Twitter revenues.

30.     So that these digital images could be captured, uploaded, stored and organized, Twitter and Vine fashioned products and processes that employ TLI's patented technology. The infringing products include, but are not limited to, the products and processes that Twitter and Vine use to capture, upload, store and organize the digital images they receives from mobile devices having telephones, including via Twitter and Vine.

**AV Automotive's Infringing Products**

31.     AV Automotive uses Twitter to market its services and products.[3] AV Automotive's customers can access Twitter directly, for example, at www.twitter.com and/or via mobile devices, including access to the digital images that Twitter uploaded, archived and characterized on AV Automotive's behalf. In addition, AV Automotive provides direct links to its Twitter uploads on its website.[4]

32.     AV Automotive captures digital images on mobile devices having telephones and it uploads those images to databases where those images are archive and stored, including to

---

[3] *See, e.g.,* https://twitter.com/BMWofAlexandria.
[4] *See, e.g.,* http://BMWof Alexandria.com.

Twitter's databases.[5] Those images are uniquely identified and characterized by AV Automotive, or persons acting on AV Automotive's behalf, and can be easily accessed on the databases using those identifiers and characterizations.[6] Such actions of uploading digital images from mobile devices having telephones infringe one or more claims of the '295 Patent.

### For a Song's Infringing Products

33.     For a Song uses Twitter and Vine to market its services and products.[7] For a Song's customers can access Twitter and Vine directly, for example, at www.twitter.com, www.vine.co and/or via mobile devices, including access to the digital images that Twitter and/or Vine uploaded, archived and characterized on For a Song's behalf. In addition, For a Song provides direct links to its Twitter uploads on its website.[8]

34.     For a Song captures digital images on mobile devices having telephones and it uploads those images to databases where those images are archive and stored, including to Twitter's and Vine's databases.[9] Those images are uniquely identified and characterized by For a Song, or persons acting on For a Song's behalf, and can be easily accessed on the databases using those identifiers and characterizations.[10] Such actions of uploading digital images from mobile devices having telephones infringe one or more claims of the '295 Patent.

---

[5] *See, e.g.,* https://twitter.com/BMWofAlexandria/media.
[6] *See id.*
[7] *See, e.g.,* https://twitter.com/thebirchmere.
[8] *See, e.g.,* http://www.birchmere.com/.
[9] *See, e.g.,* https://twitter.com/thebirchmere/media.
[10] *See id.*

### Max Media's Infringing Products

35.    Max Media uses Twitter and Vine to market its services and products.[11]   Max Media's customers can access Twitter directly, for example, at www.twitter.com and/or via mobile devices, including access to the digital images that Twitter and/or Vine uploaded, archived and characterized on Max Media's behalf.  In addition, Max Media provides direct links to Twitter on the websites of its radio stations.[12]

36.    Max Media captures digital images on mobile devices having telephones and it uploads those images to databases where those images are archive and stored, including to Twitter's and Vine's databases.[13]  Those images are uniquely identified and characterized by Max Media, or persons acting on Max Media's behalf, and can be easily accessed on the databases using those identifiers and characterizations.  Such actions of uploading digital images from mobile devices having telephones infringe one or more claims of the '295 Patent

### CLAIM FOR RELIEF

### COUNT I

(Twitter's Infringement of the '295 Patent)

37.    TLI incorporates by reference paragraphs 1 through 36 of the Complaint as if set forth here in full.

### Direct Infringement

38.    Twitter has been and is currently directly infringing one or more claims of the '295 Patent by making, using, offering to sell, and/or selling within the United States, and/or

---

[11] *See, e.g.,* https://twitter.com/929Wave; https://twitter.com/973theEAGLE; https://twitter.com/ESPNradio941; https://twitter.com/HOThits1005.
[12] *See, e.g.,* http://www.eagle97.com; http://www.929thewave.com; http://www.espnradio941.com; www.hot1005.com.
[13] *See, e.g.,* https://twitter.com/973theEAGLE/media; https://twitter.com/ESPNradio941/media; https://twitter.com/HOThits1005/media.

importing into the United States, without authority, the aforementioned platforms that upload and store digital images from mobile devices having telephones.  For example, and without limitation, Twitter has directly infringed and continues to directly infringe the '295 Patent in this judicial district and elsewhere in the United States.  Twitter's infringement includes, without limitation, (i) making and using the apparatus of claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

39.     Specifically, Twitter's direct infringement includes, without limitation (i) its uploading of digital images from mobile devices having telephones onto Twitter servers and/or Vine servers (or onto servers operated on or for Twitter's behalf ("Twitter servers")), (ii) its testing of its Twitter and Vine products by uploading images from mobile devices having telephones onto Twitter servers within the United States, and (iii) its maintaining Twitter servers that categorize and store images that were uploaded via mobile devices having telephones. Twitter also directs and/or controls its employees, executives, customers and agents to use the aforementioned digital image uploading platforms to upload images from mobile devices having telephones onto Twitter servers within the United States.

40.     To the extent that claim 1 of the '295 Patent is construed to require a system with a claim element not practiced by Twitter, Twitter would also directly infringe claim 1 at least because it directs and/or controls the practicing of all claim elements or because it places the invention into service.  For example, Twitter provides websites, platforms and pre-loaded software to mobile telephone users that provide and enable image uploading, thereby putting the invention into service.  Moreover, Twitter directs and/or controls the practicing of all claim elements, as shown for example, by Twitter entering into contracts with its users, Twitter instructing its users how to upload digital images from mobile devices having telephones,

Twitter pre-loading image uploading software on mobile devices having telephones, Twitter automatically syncing digital images from mobile devices having telephones onto its servers, Twitter automatically uploading digital images from mobile devices having telephones onto its servers, Twitter automatically tagging digital images that it uploads onto its servers from mobile devices having telephones with characterization information of the users, and Twitter automatically archiving the digital images that it uploads onto its servers with characterization information of the users.

41.    To the extent that claim 17 of the '295 Patent is construed to require a method with a step not practiced by Twitter, Twitter would also directly infringe claim 17 at least because it directs and/or controls the practicing of all claimed steps.  Twitter directs and/or controls the practicing of all claim elements, as shown for example, by Twitter entering into contracts with its users, Twitter instructing its users how to upload digital images from mobile devices having telephones, Twitter pre-loading image uploading software on mobile devices having telephones, Twitter automatically syncing digital images from mobile devices having telephones onto its servers, Twitter automatically uploading digital images from mobile devices having telephones onto its servers, Twitter automatically tagging digital images that it uploads onto its servers from mobile devices having telephones with characterization information of the users, and Twitter automatically archiving the digital images that it uploads onto its servers with characterization information of the users.

42.    At least as a result of the computer software and hardware that performs these activities, Twitter is liable for literal direct infringement of the '295 Patent pursuant to 35 U.S.C. § 271(a).

43.     To the extent that any fact finder deems any of the elements of the '295 patent claims not literally satisfied by the structure or use of the Twitter platform, these elements are satisfied under the doctrine of equivalents.

### Indirect Infringement

44.     Alternatively, and in addition to its liability for direct infringement of the '295 Patent, Twitter is also liable for indirectly infringing the '295 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and contributing to direct infringement in violation of 35 U.S.C. § 271(c).

45.     Twitter has been aware of the '295 Patent since at least November 20, 2013, when it was served with a complaint in an action filed on November 18, 2013.  The November 18, 2013 complaint is incorporated herein by reference.

46.     Upon Twitter's gaining knowledge of the '295 patent, it was, or became, apparent to Twitter that the operation of its digital image uploading platforms and software resulted in infringement of the '295 Patent.  Twitter has continued to engage in the aforementioned activities constituting inducement of infringement, notwithstanding its knowledge (or willful blindness thereto) that the activities it was inducing result in infringement of the '295 Patent.

47.     The direct infringement induced and contributed to by Twitter includes at least the uploading of digital images from mobile devices having telephones to Twitter servers by end users acting alone or in combination with Twitter.  For example, and without limitation, to the extent that claim 1 is construed to require a system with the system placed into service by a user who uploads digital images from a mobile device having a telephone (and it is determined that Twitter does not direct and/or control that user), the user would be considered to be a direct infringer of claim 1.  Twitter knows that these users are infringing the '295 Patent and Twitter

has specific intent to encourage the users to infringe the '295 Patent. As another example, to the extent that claim 17 is construed to require a method with steps performed by one or more entities other than Twitter, for example, a user (and it is determined that Twitter does not direct and/or control these entities), Twitter induces those entities to perform those infringing acts, knowing that the acts constitute infringement of the '295 Patent and with specific intent to encourage those acts and encourage infringement.

48.     Twitter encourages direct infringement of the '295 Patent at least by widely publicizing its social network, by providing image-uploading tools via its website, by providing image-uploading software, by providing pre-loaded image uploading software on mobile devices having telephones, by automatically syncing images from mobile devices having telephones, by automatically tagging images uploaded from mobile devices having telephones, by automatically characterizing images with user information when uploaded from mobile devices having telephones, by providing image storage, by storing images uploaded from mobile devices having telephones according to user-characterization information, by providing image-uploading, downloadable applications for mobile devices having telephones, and by providing instructions for conducting the directly infringing use of uploading digital images from mobile devices.[14]

49.     Twitter induces infringement at least by encouraging, facilitating and instructing users to use the '295 Patent's inventions by uploading digital images to Twitter servers from mobile devices having telephones. Twitter does this by providing image uploading software and platforms (including pre-loaded, downloadable and/or directly accessible via Twitter websites

---

[14] *See, for example,* http://www.sec.gov/Archives/edgar/data/1418091/000119312513390321/d564001ds1.htm at 102 (Twitter S-1 October 3, 2013) (Users "can ensure that whenever they or any user tweets from their websites or applications, the Tweet will automatically include rich content like a photo [or] a video . . . and make it instantly accessible to any other user on Twitter."); https://support.twitter.com/articles/20169500 ("How to post and delete a Tweet.").

software and platforms) to its users, and by instructing its users how to upload images to Twitter servers, thereby inducing the use of the claimed inventions.

50.     Twitter is inducing infringement of the '295 Patent by, among other things, knowingly and with specific intent, actively encouraging its customers, suppliers, agents and affiliates to make, use, sell and/or offer for sale the aforementioned Twitter image uploading platforms in a manner that constitutes infringement of one or more claims of the '295 Patent, knowing that such activities infringe at least one claim of the '295 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.

51.     By inducing its customers', suppliers', users', agents' and affiliates' use of the methods claimed in the '295 Patent and their making and/or using the aforementioned Twitter image uploading platforms, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '295 Patent, either literally or under the doctrine of equivalents.

52.     Twitter contributes to the '295 Patent's direct infringement by, among other things, knowingly and with specific intent, actively encouraging its customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale Twitter's aforementioned image uploading platforms and services that constitutes infringement of at least claims 1 and 17 of the '295 Patent. For example, to the extent that any claim is construed to require a system, Twitter provides components, including image-uploading, pre-loaded software, websites and/or downloadable applications, for use in systems, which facilitate the uploading of digital images from mobile devices having telephones. Twitter knows that such products constitute a material

part of the inventions of the '295 Patent, knows those products to be especially made or adapted to infringe the '295 Patent, and knows that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Twitter knows that by providing such components to its customers, its customers will infringe at least one claim of the '295 Patent, and Twitter knows that its customers do infringe the '295 Patent. Twitter image uploading software has no substantial non-infringing uses.

53.     By contributing to its customers', suppliers', agents', users' and affiliates' use of the methods claimed in the '295 Patent and their making and/or using the aforementioned Twitter image uploading platforms, Twitter has been and is now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '295 Patent, either literally or under the doctrine of equivalents.

### 271(f) Infringement

54. Twitter is liable for infringement under 35 U.S.C. § 271(f) when the end user is outside the United States by supplying its software components for combination outside the United States.

### Joint Infringement

55.     Alternatively, the actions alleged above establish joint infringement of at least claims 1 and 17 by Twitter and its customers, users, suppliers, agents and affiliates for which they should be found jointly and severally liable.

### Remedy for Twitter's Infringement

56.     As a result of Twitter's unlawful infringement of the '295 Patent, TLI has suffered and will continue to suffer damage. TLI is entitled to recover from Twitter the damages adequate to compensate for such infringement, which have yet to be determined.

57.   Twitter will continue to infringe the '295 Patent unless and until it is enjoined by this Court.

58.   Twitter's acts of infringement have caused and will continue to cause irreparable harm to TLI unless and until Twitter is enjoined by this Court.

## COUNT II

### (Vine's Infringement of the '295 Patent)

59.   TLI incorporates by reference paragraphs 1 through 36 of the Complaint as if set forth here in full.

### Direct Infringement

60.   Vine has been and is currently directly infringing one or more claims of the '295 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the aforementioned platforms that upload and store digital images from mobile devices having telephones.  For example, and without limitation, Vine has directly infringed and continues to directly infringe the '295 Patent in this judicial district and elsewhere in the United States.  Vine's infringement includes, without limitation, (i) making and using the apparatus of claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

61.   Specifically, Vine's direct infringement includes, without limitation (i) its uploading of digital images from mobile devices having telephones onto Twitter servers and/or Vine servers (or onto servers operated on or for Vine's behalf ("Vine servers")), (ii) its testing of its Twitter and Vine products by uploading images from mobile devices having telephones onto Vine servers within the United States, and (iii) its maintaining Vine servers that categorize and store images that were uploaded via mobile devices having telephones.  Vine also directs and/or

controls its employees, executives, customers and agents to use the aforementioned digital image uploading platforms to upload images from mobile devices having telephones onto Vine servers within the United States.

62.     To the extent that claim 1 of the '295 Patent is construed to require a system with a claim element not practiced by Vine, Vine would also directly infringe claim 1 at least because it directs and/or controls the practicing of all claim elements or because it places the invention into service.  For example, Vine provides websites, platforms and pre-loaded software to mobile telephone users that provide and enable image uploading, thereby putting the invention into service.[15]  Moreover, Vine directs and/or controls the practicing of all claim elements, as shown for example, by Vine entering into contracts with its users, Vine instructing its users how to upload digital images from mobile devices having telephones, Vine automatically syncing digital images from mobile devices having telephones onto its servers, Vine automatically uploading digital images from mobile devices having telephones onto its servers, Vine automatically tagging digital images that it uploads onto its servers from mobile devices having telephones with characterization information of the users, and Vine automatically archiving the digital images that it uploads onto its servers with characterization information of the users.

63.     To the extent that claim 17 of the '295 Patent is construed to require a method with a step not practiced by Vine, Vine would also directly infringe claim 17 at least because it directs and/or controls the practicing of all claimed steps.  Vine directs and/or controls the practicing of all claim elements, as shown for example, by Vine entering into contracts with its users, Vine instructing its users how to upload digital images from mobile devices having telephones, Vine automatically syncing digital images from mobile devices having telephones

---

[15] *See, for example,* https://support.twitter.com/articles/20170317-faqs-about-vine.

19

onto its servers, Vine automatically uploading digital images from mobile devices having telephones onto its servers, Vine automatically tagging digital images that it uploads onto its servers from mobile devices having telephones with characterization information of the users, and Vine automatically archiving the digital images that it uploads onto its servers with characterization information of the users.

64.     At least as a result of the computer software and hardware that performs these activities, Vine is liable for literal direct infringement of the '295 Patent pursuant to 35 U.S.C. § 271(a).

65.     To the extent that any fact finder deems any of the elements of the '295 patent claims not literally satisfied by the structure or use of the Vine platform, these elements are satisfied under the doctrine of equivalents.

### Indirect Infringement

66.     Alternatively, and in addition to its liability for direct infringement of the '295 Patent, Vine is also liable for indirectly infringing the '295 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and contributing to direct infringement in violation of 35 U.S.C. § 271(c).

67.     Vine has been aware of the '295 Patent since at least November 20, 2013, when it was served with a complaint in an action filed on November 18, 2013. The November 18, 2013 complaint is incorporated herein by reference.

68.     Upon Vine's gaining knowledge of the '295 patent, it was, or became, apparent to Vine that the operation of its digital image uploading platforms and software resulted in infringement of the '295 Patent. Vine has continued to engage in the aforementioned activities

constituting inducement of infringement, notwithstanding its knowledge (or willful blindness thereto) that the activities it was inducing result in infringement of the '295 Patent.

69.     The direct infringement induced and contributed to by Vine includes at least the uploading of digital images from mobile devices having telephones to Vine servers by end users acting alone or in combination with Vine. For example, and without limitation, to the extent that claim 1 is construed to require a system with the system placed into service by a user who uploads digital images from a mobile device having a telephone (and it is determined that Vine does not direct and/or control that user), the user would be considered to be a direct infringer of claim 1. Vine knows that these users are infringing the '295 Patent and Vine has specific intent to encourage the users to infringe the '295 Patent. As another example, to the extent that claim 17 is construed to require a method with steps performed by one or more entities other than Vine, for example, a user (and it is determined that Vine does not direct and/or control these entities), Vine induces those entities to perform those infringing acts, knowing that the acts constitute infringement of the '295 Patent and with specific intent to encourage those acts and encourage infringement.

70.     Vine encourages direct infringement of the '295 Patent at least by widely publicizing its social network, by providing image-uploading tools via its website, by providing image-uploading software, by providing pre-loaded image uploading software on mobile devices having telephones, by automatically syncing images from mobile devices having telephones, by automatically tagging images uploaded from mobile devices having telephones, by automatically characterizing images with user information when uploaded from mobile devices having telephones, by providing image storage, by storing images uploaded from mobile devices having telephones according to user-characterization information, by providing image-uploading,

downloadable applications for mobile devices having telephones, and by providing instructions for conducting the directly infringing use of uploading digital images from mobile devices.[16]

71.     Vine induces infringement at least by encouraging, facilitating and instructing users to use the '295 Patent's inventions by uploading digital images to Vine servers from mobile devices having telephones.  Vine does this by providing image uploading software and platforms (including pre-loaded, downloadable and/or directly accessible via Vine websites software and platforms) to its users, and by instructing its users how to upload images to Vine servers, thereby inducing the use of the claimed inventions.

72.     Vine is inducing infringement of the '295 Patent by, among other things, knowingly and with specific intent, actively encouraging its customers, users, suppliers, agents and affiliates to make, use, sell and/or offer for sale the aforementioned Vine image uploading platforms in a manner that constitutes infringement of one or more claims of the '295 Patent, knowing that such activities infringe at least one claim of the '295 Patent, and with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.

73.     By inducing its customers', suppliers', users', agents' and affiliates' use of the methods claimed in the '295 Patent and their making and/or using the aforementioned Vine image uploading platforms, Vine has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '295 Patent, either literally or under the doctrine of equivalents.

---

[16] *See, for example,* https://support.twitter.com/articles/20170317-faqs-about-vine.

74.     Vine contributes to the '295 Patent's direct infringement by, among other things, knowingly and with specific intent, actively encouraging its customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale Vine's aforementioned image uploading platforms and services that constitutes infringement of at least claims 1 and 17 of the '295 Patent.  For example, to the extent that any claim is construed to require a system, Vine provides components, including image-uploading, pre-loaded software, websites and/or downloadable applications, for use in systems, which facilitate the uploading of digital images from mobile devices having telephones.  Vine knows that such products constitute a material part of the inventions of the '295 Patent, knows those products to be especially made or adapted to infringe the '295 Patent, and knows that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Vine knows that by providing such components to its customers, its customers will infringe at least one claim of the '295 Patent, and Vine knows that its customers do infringe the '295 Patent.  Vine image uploading software has no substantial non-infringing uses.

75.     By contributing to its customers', suppliers', agents', users' and affiliates' use of the methods claimed in the '295 Patent and their making and/or using the aforementioned Vine image uploading platforms, Vine has been and is now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '295 Patent, either literally or under the doctrine of equivalents.

## 271(f) Infringement

76.     Vine is liable for infringement under 35 U.S.C. § 271(f) when the end user is outside the United States by supplying its software components for combination outside the United States.

23

## Joint Infringement

77.     Alternatively, the actions alleged above establish joint infringement of at least claims 1 and 17 by Vine and its customers, users, suppliers, agents and affiliates for which they should be found jointly and severally liable.

## Remedy for Vine's Infringement

78.     As a result of Vine's unlawful infringement of the '295 Patent, TLI has suffered and will continue to suffer damage. TLI is entitled to recover from Vine the damages adequate to compensate for such infringement, which have yet to be determined.

79.     Vine will continue to infringe the '295 Patent unless and until it is enjoined by this Court.

80.     Vine's acts of infringement have caused and will continue to cause irreparable harm to TLI unless and until Vine is enjoined by this Court.

## COUNT III

(AV Automotive's Infringement of the '295 Patent and Twitter's Joint and Several Liability
Based on Same Transaction or Occurrences)

81.     TLI incorporates by reference paragraphs 1 through 80 of the Complaint as if set forth here in full.

## Direct Infringement

82.     AV Automotive has been and is currently directly infringing one or more claims of the '295 Patent at least by using within the United States, without authority, the aforementioned platforms that upload and store digital images from mobile devices having telephones. For example, and without limitation, AV Automotive has directly infringed and continues to directly infringe the '295 Patent in this judicial district and elsewhere in the United States. AV Automotive's infringement includes, without limitation, (i) using the apparatus of

claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

83.     Specifically, AV Automotive's direct infringement includes, without limitation (i) its uploading of digital images from mobile devices having telephones onto Twitter servers within the United States.  AV Automotive also directs and/or controls its employees, executives, customers and agents to use the aforementioned digital image uploading platforms to upload images from mobile devices having telephones onto Twitter servers within the United States.

84.     For example, and without limitation, to the extent that claim 1 is construed to require a system with a user placing that system into use by uploading digital images from a mobile device having a telephone onto servers, AV Automotive also directly infringes claim 1 of the '295 Patent by putting the invention into use, for example by downloading software and/or downloadable applications on mobile devices having telephones, and uploading digital images from mobile devices having telephones to Twitter servers within the United States.  As explained above, Twitter would also be jointly and severally liable for AV Automotive's direct infringement for inducing and contributing to this direct infringement.

85.     At least as a result of uploading digital images from mobile devices onto Twitter servers, which automatically archive those images using identification information and characterization information of the user, AV Automotive is liable for literal direct infringement of the '295 Patent pursuant to 35 U.S.C. § 271(a).

86.     To the extent that any fact finder deems any of the elements of the '295 patent claims not literally satisfied by AV Automotive's uploading digital images from mobile devices onto Twitter servers, these elements are satisfied under the doctrine of equivalents.

## Joint Infringement

87.    Alternatively, the actions alleged above establish joint infringement of at least

claims 1 and 17 by Twitter and AV Automotive for which they should be found jointly and

severally liable.

## Remedy for AV Automotive's Infringement

88.    As a result of AV Automotive's unlawful infringement of the '295 Patent, TLI

has suffered and will continue to suffer damage. TLI is entitled to recover from AV Automotive

the damages adequate to compensate for such infringement, which have yet to be determined.

89.    AV Automotive will continue to infringe the '295 Patent unless and until it is

enjoined by this Court.

90.    AV Automotive's acts of infringement have caused and will continue to cause

irreparable harm to TLI unless and until AV Automotive is enjoined by this Court.

## COUNT IV

(For a Song's Infringement of the '295 Patent and Twitter's Joint and Several Liability Based on
Same Transaction or Occurrences)

91.    TLI incorporates by reference paragraphs 1 through 80 of the Complaint as if set

forth here in full.

## Direct Infringement

92.    For a Song has been and is currently directly infringing one or more claims of the

'295 Patent at least by using within the United States, without authority, the aforementioned

platforms that upload and store digital images from mobile devices having telephones. For

example, and without limitation, For a Song has directly infringed and continues to directly

infringe the '295 Patent in this judicial district and elsewhere in the United States. For a Song's

infringement includes, without limitation, (i) using the apparatus of claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

93.     Specifically, For a Song's direct infringement includes, without limitation (i) its uploading of digital images from mobile devices having telephones onto Twitter and/or Vine servers within the United States. For a Song also directs and/or controls its employees, executives, customers and agents to use the aforementioned digital image uploading platforms to upload images from mobile devices having telephones onto Twitter and/or Vine servers within the United States.

94.     For example, and without limitation, to the extent that claim 1 is construed to require a system with a user placing that system into use by uploading digital images from a mobile device having a telephone onto servers, For a Song also directly infringes claim 1 of the '295 Patent by putting the invention into use, for example by downloading software and/or downloadable applications on mobile devices having telephones, and uploading digital images from mobile devices having telephones to Twitter and/or Vine servers within the United States. As explained above, Twitter and/or Vine would also be jointly and severally liable for For a Song's direct infringement for inducing and contributing to this direct infringement.

95.     At least as a result of uploading digital images from mobile devices onto Twitter and/or Vine servers, which automatically archive those images using identification information and characterization information of the user, For a Song is liable for literal direct infringement of the '295 Patent pursuant to 35 U.S.C. § 271(a).

96.     To the extent that any fact finder deems any of the elements of the '295 patent claims not literally satisfied by For a Song's uploading digital images from mobile devices onto Twitter and/or Vine servers, these elements are satisfied under the doctrine of equivalents.

### Joint Infringement

97.     Alternatively, the actions alleged above establish joint infringement of at least claims 1 and 17 by Twitter and For a Song for which they should be found jointly and severally liable.

98.     Alternatively, the actions alleged above establish joint infringement of at least claims 1 and 17 by Vine and For a Song for which they should be found jointly and severally liable.

### Remedy for For a Song's Infringement

99.     As a result of For a Song's unlawful infringement of the '295 Patent, TLI has suffered and will continue to suffer damage.  TLI is entitled to recover from For a Song the damages adequate to compensate for such infringement, which have yet to be determined.

100.    For a Song will continue to infringe the '295 Patent unless and until it is enjoined by this Court.

101.    For a Song's acts of infringement have caused and will continue to cause irreparable harm to TLI unless and until For a Song is enjoined by this Court.

### COUNT V

(Max Media's Infringement of the '295 Patent and Twitter's Joint and Several Liability Based on Same Transaction or Occurrences)

102.    TLI incorporates by reference paragraphs 1 through 80 of the Complaint as if set forth here in full.

### Direct Infringement

103.    Max Media has been and is currently directly infringing one or more claims of the '295 Patent at least by using within the United States, without authority, the aforementioned platforms that upload and store digital images from mobile devices having telephones.  For

example, and without limitation, Max Media has directly infringed and continues to directly infringe the '295 Patent in this judicial district and elsewhere in the United States. Max Media's infringement includes, without limitation, (i) using the apparatus of claim 1 and claims dependent thereon, and (ii) practicing the method of claim 17 and claims dependent thereon.

104.    Specifically, Max Media's direct infringement includes, without limitation (i) its uploading of digital images from mobile devices having telephones onto Twitter servers within the United States.  Max Media also directs and/or controls its employees, executives, customers and agents to use the aforementioned digital image uploading platforms to upload images from mobile devices having telephones onto Twitter servers within the United States.

105.    For example, and without limitation, to the extent that claim 1 is construed to require a system with a user placing that system into use by uploading digital images from a mobile device having a telephone onto servers, Max Media also directly infringes claim 1 of the '295 Patent by putting the invention into use, for example by downloading software and/or downloadable applications on mobile devices having telephones, and uploading digital images from mobile devices having telephones to Twitter servers within the United States.  As explained above, Twitter would also be jointly and severally liable for Max Media's direct infringement for inducing and contributing to this direct infringement.

106.    At least as a result of uploading digital images from mobile devices onto Twitter servers, which automatically archive those images using identification information and characterization information of the user, Max Media is liable for literal direct infringement of the '295 Patent pursuant to 35 U.S.C. § 271(a).

107.    To the extent that any fact finder deems any of the elements of the '295 patent claims not literally satisfied by Max Media's uploading digital images from mobile devices onto Twitter servers, these elements are satisfied under the doctrine of equivalents.

### Joint Infringement

108.    Alternatively, the actions alleged above establish joint infringement of at least claims 1 and 17 by Twitter and Max Media for which they should be found jointly and severally liable.

### Remedy for Max Media's Infringement

109.    As a result of Max Media's unlawful infringement of the '295 Patent, TLI has suffered and will continue to suffer damage.  TLI is entitled to recover from Max Media the damages adequate to compensate for such infringement, which have yet to be determined.

110.    Max Media will continue to infringe the '295 Patent unless and until it is enjoined by this Court.

111.    Max Media's acts of infringement have caused and will continue to cause irreparable harm to TLI unless and until Max Media is enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, TLI prays for a Judgment in favor of TLI and against Defendants as follows:

A.    That Defendants have directly infringed the '295 Patent;

B.    That Twitter and Vine have indirectly infringed the '295 Patent;

C.    That Twitter and its customers, users, suppliers, agents and affiliates have jointly infringed the '295 Patent;

D.    That Vine and its customers, users, suppliers, agents and affiliates have jointly infringed the '295 Patent;

E.    That Twitter and AV Automotive have jointly infringed the '295 Patent;

F.    That Twitter and For a Song have jointly infringed the '295 Patent;

G.    That Twitter and Max Media have jointly infringed the '295 Patent;

H.    That Vine and For a Song have jointly infringed the '295 Patent;

I.    That Vine and Max Media have jointly infringed the '295 Patent;

J.    Preliminarily and permanently enjoining Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '295 Patent;

K.    A full accounting for and an award of damages to TLI for Defendants' infringement of the '295 Patent; including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

L.    That this case is "exceptional" within the meaning of 35 U.S.C. § 285;

M.    An award of TLI's reasonable attorneys' fees, expenses, and costs; and

N.    A grant of such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

TLI hereby demands trial by jury on all issues so triable.

Dated:  February 10, 2014

FISKE & HARVEY, PLC
100 N. Pitt Street, Suite 206
Alexandria, Virginia 22314
Tel: (703) 518-9910
Fax: (703) 518-9931

By: _____
Philip J. Harvey (VSB #37941)
pharvey@fiskeharvey.com

*Counsel for Plaintiff*

Of Counsel:

Robert A. Whitman
Mark S. Raskin
Mishcon de Reya New York LLP
750 Seventh Ave, 26th Floor
New York, New York 10019
Telephone (212) 612-3270
Facsimile (212) 612-3297